968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 PHYSICIANS NATIONAL RISK RETENTION GROUP, INC., a Louisiana
corporation, Plaintiff-Appellee,
v.
Richard A. PRICE, M.D.; Richard A. Price, M.D., P.C.,
Defendant-Counter-Claimants-Appellants.
 No. 91-1391.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Richard A. Price, M.D. (Dr. Price) and Richard A. Price, M.D., P.C., hereinafter collectively referred to as appellants, appeal from an order of the district granting summary judgment in favor of Physicians National Risk Prevention Group, Inc. (Physicians National). At all times relevant hereto, Dr. Price was a physician licensed to practice medicine in Colorado and an insured under a professional liability insurance policy issued by Physicians National. The relevant, undisputed facts may be briefly summarized.
 
 
 3
 Dr. Price conducted two post-operative gynecological exams on one Melody Martinez on April 16 and May 10, 1990. Martinez subsequently sued appellants alleging that Dr. Price's actions constituted rape by deception or crass malpractice under which a reasonable woman in the same or similar circumstances would have believed that she had been raped by her physician. Specifically, Martinez alleged eight causes of action, including malpractice, breach of fiduciary duty, breach of contract, deceit based upon fraud, negligent misrepresentation, extreme and outrageous conduct, wanton and reckless negligence, and assault and battery.
 
 
 4
 Subsequent to the filing of Martinez's complaint, Physicians National agreed to defend Dr. Price, subject to a judicial determination of its duties to him under the terms of its policy. Physicians National then filed this action requesting an adjudication of the rights and liabilities of the parties under the policy. Appellants counterclaimed, alleging that Physicians National had breached its duty of good faith and fair dealing.
 
 
 5
 Physicians National moved for summary judgment, alleging that: it did not have a duty to defend or indemnify appellants; its policy covered damages only for injuries resulting from the rendering of or failure to render professional services by the insured; its policy specifically excluded coverage for any claim asserting sexual misconduct, physical abuse, or molestation by an insured. Appellants filed a cross motion for summary judgment alleging that Physicians National had a duty to defend and that the issue of indemnification was not ripe for adjudication.
 
 
 6
 The district court granted Physicians National's motion for summary judgment and denied appellants' cross motion for summary judgment. In so doing, the district court found that coverage was not present under Physicians National's policy because there were no allegations in the complaint against Dr. Price which, assuming they were proved at trial, would give rise to coverage for professional services authorized by the licensing laws and regulations applicable to the medical profession. The court also found, after assuming for purposes of discussion that coverage was present, that it would nevertheless be excluded under VII of the policy which denies coverage for any claims asserting sexual misconduct, physical abuse, or molestation by an insured.
 
 
 7
 On appeal, appellants contend that (1) disputed issues of material fact preclude granting summary judgment in favor of Physicians National, (2) Physicians National was under a duty to defend and indemnify appellants; and (3) summary judgment was inappropriate prior to a disposition of Martinez's claims in state court.
 
 
 8
 We review the grant of summary judgment de novo, applying the same standard as the district court. Devery Implement Co. v. J.I. Case Company, 944 F.2d 724, 726 (10th Cir.1991). In Devery Implement Co., we held:
 
 
 9
 Summary judgment is appropriate if "there is no genuine issue to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). If the nonmoving party bears the burden at trial, the moving party need only point to those portions of the record which demonstrate the absence of a genuine issue of material fact as to the nonmovant's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). If the nonmoving party fails in this endeavor, and the moving party is entitled to judgment as a matter of law given the operative facts, summary judgment will lie. Id. at 256-57, 106 S.Ct. at 2514-15. See also Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
 
 
 10
 944 F.2d at 726-27.
 
 
 11
 Applying these standards to the facts herein, we hold that the district court did not err in granting summary judgment in favor of Physicians National.
 
 
 12
 Physicians National's professional liability insurance policy issued to Dr. Price provided coverage against damages for injuries "resulting from the rendering of or failure to render professional services by the Insured." (Appendix at p. 9). Here, Martinez's complaint was not predicated on the "rendering of or failure to render professional services." Rather the complaint was, as found by the district court, "without question and without any genuine issue of fact, that the allegations are that the doctor has, to put it in the terms of the complaint, [engaged in] procedures [which] constituted rape by deception, and that the doctor engaged in activities which constituted assault, battery and sexual assault." (Appendix at p. 110). Moreover, assuming arguendo, that coverage was otherwise present, VII of the policy specifically excludes coverage for claims asserting sexual misconduct, physical abuse, or molestation by an insured.
 
 
 13
 We affirm substantially for the reasons set forth in the partial transcript of the district court proceedings of October 4, 1991.
 
 
 14
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3